COBB, Judge,
dissenting.
The loitering statute, section 856.021(1) and (2), Florida Statutes (1989), provides:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to con *1341 ceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
The arresting officers in this case responded to a dispatch close to midnight that several persons were seen behind a closed tire store. When the officers approached in their car they saw a vehicle leave the darkened area behind the store and proceed along a dirt road some 250 feet with its lights off, prior to turning onto U.S. Highway 1. The officers followed and stopped the vehicle, at which time the front seat passenger jumped out and fled. The police observed property strewn “helter-skelter” on the front seat of the suspect vehicle. The explanation of G.E.C., the driver of the car, was that he was simply driving down the road. This failed to account in any way for his presence behind the darkened store, the 250 foot drive without headlights, or the flight on foot of the passenger.
The issue is whether the misdemeanor of loitering or prowling occurred in the presence of the arresting officers. The majority concludes that it did not since the officers failed to see a prowler “on foot”. There is no logical reason to construe the provisions of section 856.021 as applicable only to pedestrian loiterers and prowlers. I agree with the late Judge Hendry and the Third District that in cases such as this, “the mode of travel is not material.” See Hanks v. State, 195 So.2d 49, 51 (Fla. 3d DCA 1967).
In this case, the officers observed the suspects prowling in a car without lights in an unusual place for law-abiding individuals — i.e., behind a closed business at night. Subsequently, upon the appearance of law enforcement officers, one of the suspects fled and the remaining suspect gave an explanation to the officers that completely failed to explain the conduct observed by the officers. Certainly, that explanation did not dispel the immediate and warranted concern of the officers.
Based upon the wording of the statute, the validity of which is not challenged, and the “totality of the circumstances” test enunciated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), I would uphold the trial court’s determination that there was a legal basis to arrest G.E.C. for loitering and prowling; hence, there was no “poison tree” to taint the evidence sustaining the pleas of guilt to the offenses of burglary and grand theft.